ESTATE OF ARTHUR H. McCOY, DECEASED, ROBERT McCOY, EXECUTOR, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of McCoy v. Commissioner
Docket No. 19540-83.
United States Tax Court
T.C. Memo 1985-509; 1985 Tax Ct. Memo LEXIS 125; 50 T.C.M. (CCH) 1194; T.C.M. (RIA) 85509; September 26, 1985. Walter E. Schutt, for the petitioner. Nancy B. Herbert, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, [1]Judge: Respondent determined a deficiency in petitioner's estate tax in the amount of $22,159.72. The issue for decision is whether petitioner effectively elected to have the interest of the decedent, Arthur H. McCoy, in certain real property valued under section 2032A[2] as special use property rather than at its full fair market value. *127 All the facts are stipulated. Arthur H. McCoy (decedent) died on April 23, 1980, and Robert McCoy, a resident of Ohio when the petition was filed, was appointed executor of decedent's estate. Under section 6075(a), the Federal estate tax return for decedent's estate was due on January 23, 1981, nine months after the date of decedent's death. The estate filed its Federal estate tax return on February 11, 1981, approximately 3 weeks after it was due. On Schedule A of the Federal estate tax return, Form 706, filed on February 11, 1981, the estate reported that the decedent owned an undivided one-half interest in a parcel of realty and claimed a section 2032A special use valuation for the property in the amount of $103,304.70. On February 9, 1982, the estate submitted a second estate tax return, Form 706, in which a similar claim was made. The parties agree that, if the provisions of section 2032A do not apply, the fair market value of decedent's one-half interest in the real property at his death was $235,139.70. In the notice of deficiency issued to the estate on April 12, 1983, respondent determined that the estate is not entitled to the benefit of the special use valuation *128 provisions of section 2032A on the ground that "the federal estate tax return with the required election was not timely filed." The issue is, of necessity, a technical one. For estate tax purposes, real property must ordinarily be included in a decedent's gross estate at its fair market value based upon its highest and best use. If certain requirements are met, however, section 2032A permits family farms and real property used in other closely held businesses to be included at their current use values rather than their fair market values. See generally Estate of Coon v. Commissioner,81 T.C. 602, 608 (1983); Estate of Geiger v. Commissioner,80 T.C. 484, 487 (1983). In the form in which it was in effect when decedent's estate tax return was due to be filed, section 2032A(d)(1) provided that the election of a special use valuation must be made "not later than the time prescribed by section 6075(a)" for filing and estate tax return including extensions thereof. Sec. 20.2032A-8(a)(3), Estate Tax Regs. Under the law as it then stood, it is thus clear that the election attempted in the delinquent estate tax return filed February 11, 1981, was not *129 effective, [3] and we do not understand that petitioner contends otherwise. *130 Petitioner contends, however, that the election attempted in its delinquent estate tax return filed February 11, 1981 (or in its refiled return of February 9, 1982), was effective under section 421(k)(5), ERTA. For the reasons we shall discuss, we do not agree. We do not think the transitional rules of section 421(k)(5), ERTA, apply in petitioner's case because the retroactive changes in section 2032A made by ERTA did not render petitioner eligible to make the election. Petitioner was already eligible to make the election but failed to do so within the period mandated by section 2032A(d)(1) in the form in which it was in effect when petitioner's estate tax return was filed. ERTA made numerous changes in the current or special use valuation provisions of section 2032A. Section 421(k), ERTA, [4] provides effective dates for the several amendments. "Except as otherwise provided," section 421(k)(1), ERTA, makes all of the amendments effective with respect to estates of decedents dying after December 31, 1981. Section 421(k)(2), (3), and (4), ERTA, prescribes effective dates for certain amendments which are not here relevant. Section 421(k)(5), ERTA, then prescribes the effective *131 dates for four amendments which were made retroactive for estates of decedents dying after December 31, 1976. *132 The four retroactive amendments to section 2032A were as follows: (a) a provision that the qualified use requirement may be satisfied during the pre-death period where the trade or business use is that of the decedent or a member of decedent's family (sec. 421(b)(1), ERTA); (b) a provision that property passing to discretionary trusts will be considered in specified circumstances to have satisfied the requirement that specially valued property be acquired from the decedent (sec. 421(c)(1), ERTA); (c) a provision that property purchased from a decedent's estate will satisfy the requirement that specially valued property be acquired from the decedent (sec. 421(j)(1), ERTA); and (d) a provision permitting a 2-year grace period during which the post-death gualified use requirements need not be met (sec. 421(j)(2), ERTA). The stipulated facts do not show that petitioner became qualified to make the section 2032A election as a result of any of these provisions. Petitioner alleges in the petition that "it qualifies under (b)(1) of the four retroactive provisions of Section 421(k)(5)(A)." On brief, petitioner states that "Arthur McCoy's estate fits precisely within those retroactive situations *133 provided for in (k)(5)(A) of the section, specifically (b)(1) referring to qualified use of the real estate." As indicated above, section 421(b)(1), ERTA, amended section 2032A(b)(1) to provide that the qualified use requirement could be "satisfied if either the decedent or a member of the decedent's family uses real property otherwise eligible for current use valuation in the gualified use." H. Rept. No. 97-215 (1981), 1981-2 C.B. 481, 508. The stipulated facts contain no clue as to whether petitioner did or did not meet this requirement with respect to the disputed property, before or after the enactment of ERTA. The estate tax return filed February 11, 1981, contains the representations that: "Qualified use by the decedent started in each case on the date of acquisition. * * * Until his death there was no time that decedent did not materially participate in the operation of the farmlands from the dates of acquisition." Respondent's reply brief makes the representation that "the estate was entitled to elect the provisions of I.R.C. section 2032A both before and after the enactment of the Economic Recovery Tax Act of 1981." We accept respondent's *134 concession of this point. Section 421(k)(5), ERTA, headed "Certain amendments made retroactive to 1976," quoted in footnote 4, supra, as we read it, was not intended to create a new open season for estates which were previously eligible to, but did not, make timely elections under section 2032A. Instead, it was intended to prescribe the circumstances in which the four amendments were to apply retroactively. Section 421(k)(5)(A), ERTA, identifies the four retroactive amendments and makes them generally effective with respect to estates of decedents dying after December 31, 1976. The first sentence of section 421(k)(5)(B), ERTA, prescribes the general rule that the 1976 effective date will apply only if a timely election was made under section 2032A. The second sentence provides for situations in which the time for making an election "would have otherwise expired after July 28, 1980"; we think this provision, given its context, refers to elections by estates which became eligible to make or reinstate section 2032A elections because of one or more of the four retroactive amendments to which the entire section is addressed. Because petitioner was eligible to make the election *135 prior to the enactment of ERTA, this second sentence is not applicable to petitioner's case. The foregoing interpretation of section 421(k)(5)(B), ERTA, is confirmed by the following excerpt from H. Rept. No. 97-201 (1981), 1981-2 C.B. 352, 387, [5] explaining the provision as follows: Estates for which estate tax returns were due and timely filed before enactment of the bill which are eligible to reinstate (or make) elections because of these retroactive changes will be allowed six months from the date of enactment of the bill in which to reinstate current use valuation elections. * * * [Emphasis added.] Our interpretation of the section is likewise consistent with that found in General Explanation of the Economic Recovery Tax Act of 1981, prepared by the Staff of the Joint Committee on Taxation, p. 253, as follows: The Congress believed that four of the changes included in the Act are primarily technical and should be applied retroactively in certain cases as *136 well as to all estates for which estate tax returns are not due to be filed until after the date of enactment of the Act (August 13, 1981). * * * * * * These four changes apply to all estates for which estate tax returns are due to ne filed after the date of enactment of the Act (August 13, 1981), and also apply retroactively to: (a) All estates of decedents dying after December 31, 1976, for which the estate tax return was due and timely filed on or before July 28, 1980, the date on which the final Treasury regulations under section 2032A were adopted, provided that the estate timely elected current use valuation on the decedent's estate tax return (even if the election was subsequently revoked pursuant to Treas. Reg. sec. 20.2032A-8(d)); and (b) All estates of decedents for which an estate tax return was due and timely filed after July 28, 1980, and on or before August 13, 1981, whether or not the estate originally elected the current use valuation provision. Estates for which estate tax returns were due and timely filed before enactment of the Act which are eligible to reinstate (or make) elections because of these retroactive changes must *137 do so on or before the date which is six months after the date of enactment (i.e., February 16, 1982). The elections are to be reinstated by making a claim for refund accompanied by the documentation presently prescribed in Treasury regulations for making a current use valuation election. Section 421(k)(5)(B), ERTA, thus does not entitle petitioner to the special use valuation of its interest in the disputed realty. Prior to the enactment of ERTA, petitioner was eligible to, but did not, make an effective section 2032A election. Petitioner's February 11, 1981, estate tax return was not timely filed and, for that reason, the attempted section 2032A election made therein was not effective. The four retroactive amendments made by ERTA have not been shown to render petitioner eligible to make a section 2032A election, and, in the words of the House Report (1981-2 C.B. at 387), quoted above, section 421(k)(5), ERTA, was intended to apply only where an estate is "eligible to reinstate (or make) elections because of these retroactive changes." Accordingly, the effective date provisions on the retroactive amendments contained in section 421(k)(5), ERTA, do not entitle petitioner *138 to the benefit of the current use valuation provisions of section 2032A. [6]
To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. By order dated Aug. 29, 1985, this case was reassigned from Judge Herbert L. Chabot↩. 2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted. All ERTA section references are to the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 312.↩
3. Estate of Williams v. Commissioner,T.C. Memo. 1984-178; Estate of Boyd v. Commissioner,T.C. Memo. 1983-316; Teubert v. United States, an unreported decision, 83-1 USTC par. 13,513, 51 AFTR2d 83-1340 (D. Minn. 1983). Substantially identical language in sec. 2032(c) relating to the election of an alternate valuation date has been similarly interpreted. Estate of Bradley v. Commissioner,511 F.2d 527 (6th Cir. 1975), affg. a Memorandum Opinion of this Court; Estate of Ryan v. Commissioner,62 T.C. 4, 10 (1974). Sec. 421(j)(3), ERTA, amended sec. 2032A(d)(1) to read as follows: (1) Election.--The election under this section shall be made on the return of the tax imposed by section 2001. Such election shall be made in such manner as the Secretary shall by regulations prescribe. Such an election, once made, shall be irrevocable. This amendment permits the sec. 2032A election to be made on a late return as long as the return is the first return filed. This amendment was made effective, however, only with respect to decedents dying after Dec. 31, 1981. Sec. 421(k)(1), ERTA; Estate of Williams v. Commissioner,supra.↩
4. Sec. 421(k), ERTA, provides as follows: (k) Effective Dates.-- (1) In general.--Except as otherwise provided in this subsection, the amendments made by this section shall apply with respect to the estates of decedents dying after December 31, 1981. (2) Increase in limitation.--The amendment made by subsection (a) shall apply with respect to the estates of decedents dying after December 31, 1980. (3) Subsection (d).--The amendments made by subsection (d) shall apply with respect to exchanges after December 31, 1981. (4) Subsection (e).--The amendments made by subsection (e) shall apply with respect to involuntary conversions after December 31, 1981. (5) Certain amendments made retroactive to 1976.-- (A) In general.--The amendments made by subsections (b)(1), (c)(2), (j)(1), and (j)(2) shall apply with respect to the estates of decedents dying after December 31, 1976. (B) Timely election required.--Subparagraph (A) shall only apply in the case of an estate if a timely election under section 2032A was made with respect to such estate. If the time for making an election under section 2032A with respect to any estate would have otherwise expired after July 28, 1980, the time for making such election shall not expire before the date 6 months after the date of the enactment of this Act. (C) Reinstatement of elections.--If any election under section 2032A was revoked before the date of the enactment of this Act, such election may be reinstated within 6 months after the date of the enactment of this Act. (D) Statute of limitations.--If on the date of the enactment of this Act (or at any time within 6 months after such date of enactment) the making of a credit or refund of any overpayment of tax resulting from the amendments described in subparagraph (A) is barred by any law or rule of law, such credit or refund shall nevertheless be made if claim therefor is made before the date 6 months after such date of enactment.↩
5. The Senate version of sec. 421(k), ERTA, differed from the House version but the Conference agreement followed the House bill. H. Rept. No. 97-215 (1981), 1981-2 C.B. 481↩, 511.
6. The refiling of petitioner's original estate tax return on Feb. 9, 1982, does not, in our view, aid petitioner's cause. Petitioner refers to sec. 421(k)(5)(C), ERTA, quoted in n. 4, supra,↩ which provides that, if an election was "revoked before the date of the enactment of this Act, such election may be reinstated within 6 months after the date of the enactment of this Act" and seems to argue that the refiling of its estate tax return on Feb. 9, 1982, brings petitioner within this provision. There is no evidence that petitioner ever made a valid election that it could revoke or that it ever attempted to revoke an election. We find sec. 421(k)(5)(C), ERTA, inapplicable to the stipulated facts.